# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WC HIRSHFELD MOORE, LLC, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10247 (JTD)<br><br>(Joint Administration Pending)[1] |

**MOTION OF LADDER CAPITAL FINANCE LLC TO SHORTEN NOTICE FOR THE HEARING ON THE MOTION OF LADDER CAPITAL FINANCE LLC FOR ENTRY OF AN ORDER TRANSFERRING VENUE TO THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF TEXAS**

Ladder Capital Finance LLC ("**Secured Lender**") hereby moves (the "**Motion to Shorten**"), pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 9006-1(e) of the Local Rules of Bankruptcy Procedure for the District of Delaware (the "**Local Rules**"), for entry of an order, in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), shortening the notice period and setting an expedited hearing on the *Motion of Ladder Capital Finance, LLC for Entry of an Order Transferring Venue to the United States Bankruptcy Court for the Western District of Texas* (the "**Motion to Transfer**")[2] filed by Secured Lender on February 6, 2020, so that the Motion to Transfer may be heard at the earliest convenience of the Court. In support of its Motion to Shorten, Secured Lender respectfully states as follows.

---

[1] A motion for joint administration was filed with this Court on February 4, 2020, seeking the joint administration of eight cases, including the above-captioned case (Dkt. No. 3). The Debtors in those chapter 11 cases (collectively, the "**Delaware Debtors**"), together with the last four digits of each Debtor's federal tax identification number, are: WC Hirshfeld Moore, LLC (8478); WC 103 East Fifth, LLC (3638); WC 320 Congress, LLC (0667); WC 422 Congress, LLC (7328); WC 805-809 East Sixth, LLC (9019); WC 901 East Cesar Chavez, LLC (2657); WC 1212 East Sixth, LLC (1287); and WC 9005 Mountain Ridge, LLC (8534). A motion to shorten, substantially similar to this Motion to Shorten, has been filed in each of the Chapter 11 Cases.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion to Transfer.

1

## JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware has jurisdiction to consider this Motion to Shorten under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b).

2. The statutory predicates for the relief requested herein are Bankruptcy Rule 9006(c) and Local Rule 9006-1(e).

## BACKGROUND

3. On February 3, 2020 (the "**Petition Date**"), Delaware Debtors each filed a voluntarily petition for relief (the "**Petitions**") with this Court commencing cases under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). (Docket No. 1.)

4. The factual background regarding the relationship between Secured Lender, Delaware Debtors, and their affiliates is set forth in detail in the Motion to Transfer and the *Declaration of Robert M. Perelman In Support of Ladder Capital Finance LLC's Motion for Entry of an Order Transferring Venue to the United States Bankruptcy Court for the Western District of Texas* (the "**Perelman Declaration**") attached thereto and fully incorporated herein by reference.

## REQUEST FOR RELIEF

5. Through this Motion, Secured Lender seeks entry of an order shortening the notice and objection periods for the Motion to Transfer to permit the same to be heard at the earliest convenience of the Court and setting an objection deadline acceptable to the Court.

## BASIS FOR RELIEF

6. Bankruptcy Rule 1014(a)(1) states that "the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States

72246207.3

trustee, and other entities as directed by the court, may transfer the case to any other district . . . ." *See* Fed. R. Bankr. Pro. 1014(a)(1).

7. Local Rule 9006-1(c) generally requires that motions be filed and served at least fourteen (14) days prior to the hearing date scheduled for such motion unless the Court for cause shown shortens the time. *See* Del. Bankr. L.R. 9006-1(c)(1)(i). Local Rule 9006-1(c) further requires that the movant establish an objection deadline that is no earlier than seven (7) days before the hearing date. Del. Bankr. L.R. 9006-1(c)(ii).

8. Local Rule 9006-1(e), however, authorizes this Court to schedule a motion for hearing on less notice than is otherwise required by the Local Rules or the Bankruptcy Rules on "written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e); see also Fed. R. Bankr. P. 9006(c)(1) (2019) ("the court for cause shown may in its discretion with or without motion or notice order the [notice] period reduced.").

9. Through the Motion to Transfer, Secured Lender seeks to have the Delaware Debtors' Chapter 11 Cases transferred to the United States District Court for the Western District of Texas (the "**Texas Court**") in the interest of justice and for the convenience of the parties because, among other reasons, the Delaware Debtors are Single Asset Real Estate businesses with their sole assets located in Austin, Texas, and the seven chapter 11 bankruptcy cases of the Texas Debtor Affiliates have been pending in the Texas Court since as early as November 4, 2019.

10. Cause exists to shorten the time for notice of the Motion to Transfer. It is essential that the Delaware Court determine whether the Chapter 11 Cases will be transferred to the Texas Court as soon as possible in order to conserve precious judicial resources in both districts and to

3

72246207.3

efficiently administer the estates. Should the Court grant Secured Lender's Motion to Transfer, the cases of the eight Delaware Debtors and the seven Texas Debtor Affiliates will be heard together in the Texas Court before the Honorable Tony M. Davis, who is already well-informed of the factual backgrounds of the various affiliated debtor entities. The longer the delay in determining whether the cases of the Delaware Debtors will be transferred, the more likely it is that the Texas and Delaware Courts and the parties will expend time and other valuable resources on both procedural and substantive issues that will have significant impact all of the affiliated cases and common parties in interest. Additionally, there are several upcoming hearings in certain of the Texas Debtor Affiliates' cases, including on February 10, 2020 and March 11, 2020.

11. To avoid this unnecessary duplication and avoid inconsistent outcomes, it is imperative that the Court consider the Motion to Transfer at the earliest possible opportunity.

12. Moreover, other parties in interest will not be prejudiced by having the Motion to Transfer heard on shortened notice.

13. Secured Lender respectfully submits that, for the foregoing reasons, cause exists to shorten the notice period pursuant to Bankruptcy Rule 9006(c) and Local Rule 9006-1(e).

14. Pursuant to Local Rule 9006-1(e), this Court may rule on this Motion without the need for a hearing.

## CONSENT TO JURISDICTION

15. Pursuant to Local Rule 9013-1(f), Secured Lender consent to the entry of a final judgment or order with respect to this Motion to Shorten if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

4

72246207.3

## NOTICE

16. Notice of this Motion will be given to: the Delaware Debtors, the United States Trustee, and such other entities as the Court may direct.

## NO PRIOR REQUEST

16. No prior motion for the relief requested herein has been made to this or any other court.

**WHEREFORE**, for all of the reasons set forth above, good cause exists for the Court to set an expedited hearing on the Motion to Transfer. Accordingly, the Secured Lender respectfully requests that the Court enter an Order shortening all notice requirements under the applicable Federal Rules of Bankruptcy Procedure and Local Rules of Bankruptcy Procedure for the District of Delaware, and setting a hearing on the Motion to Transfer; and granting such other and further relief as the Court deems just and proper.

Dated: February 6, 2020  
        Wilmington, Delaware

Respectfully submitted,

**POLSINELLI PC**

*/s/    Christopher A. Ward*
Christopher A. Ward (Del. Bar No. 3877)
Shanti M. Katona (Del. Bar No. 5352)
Brenna A. Dolphin (Del. Bar No. 5604)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
cward@polsinelli.com
skatona@polsinelli.com
bdolphin@polsinelli.com

*Counsel to Ladder Capital Finance LLC*

## Exhibit A

Proposed Order

72246207.3

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WC HIRSHFELD MOORE, LLC, *et al.*,<br><br>Debtor. | Chapter 11<br><br>Case No. 20-10247 (JTD)<br><br>(Joint Administration Pending)[1]<br><br>**Re: Docket No. \_\_\_\_** |

**ORDER GRANTING MOTION OF LADDER CAPITAL FINANCE LLC
TO SHORTEN NOTICE FOR THE HEARING ON THE MOTION OF
LADDER CAPITAL FINANCE LLC FOR ENTRY OF AN ORDER
TRANSFERRING VENUE TO THE UNITED STATES BANKRUPTCY
COURT FOR THE WESTERN DISTRICT OF TEXAS**

Upon the motion (the "**Motion to Shorten**")[2] of the Ladder Capital Finance LLC ("**Secured Lender**"), for entry of an order, pursuant to Bankruptcy Rule 9006(c) and Local Rule 9006-1(e), shortening notice and objection periods concerning the *Motion of Ladder Capital Finance, LLC for Entry of an Order Transferring Venue to the United States Bankruptcy Court for the Western District of Texas* (the "**Motion to Transfer**"); the Court having reviewed the Motion to Shorten; and this Court having found that it has jurisdiction to consider the Motion to Shorten pursuant to 28 U.S.C. § 1334; and this Court having found that the Motion to Shorten is a core proceeding pursuant to 28 U.S.C. § 157(b), and that Secured Lender consents to entry of a final order under Article III of the United States Constitution; and it appearing that proper and

---

[1] A motion for joint administration was filed with this Court on February 4, 2020, seeking the joint administration of eight cases, including the above-captioned case (Dkt. No. 3-1). The Debtors in those chapter 11 cases (the "**Delaware Debtors**"), together with the last four digits of each Debtor's federal tax identification number, are: WC Hirshfeld Moore, LLC (8478); WC 103 East Fifth, LLC (3638); WC 320 Congress, LLC (0667); WC 422 Congress, LLC (7328); WC 805-809 East Sixth, LLC (9019); WC 901 East Cesar Chavez, LLC (2657); WC 1212 East Sixth, LLC (1287); and WC 9005 Mountain Ridge, LLC (8534). A motion to shorten, substantially similar to the Motion to Shorten, was filed in each of the Chapter 11 Cases.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion to Shorten and the Motion to Transfer.

1

adequate notice of the Motion to Shorten has been given and that no other or further notice is necessary; and this Court having determined that the legal and factual bases set forth in the Motion to Shorten and the Perelman Declaration establish just cause for the relief granted herein; and any objections to the relief requested in the Motion to Shorten having been withdrawn or overruled on the merits; and after due deliberation thereon and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion to Shorten is granted, as set forth herein.

2. A hearing to consider the Motion to Transfer will be held on **February \_\_\_\_, 2020 at \_\_\_\_:\_\_\_\_ a.m. / p.m. (ET).**

3. Objections, if any, to the relief requested in the Motion to Transfer shall be filed on or before **February \_\_\_\_, 2020 at 4:00 p.m. (ET)**.

4. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry, notwithstanding any provision in the Bankruptcy Rules or the Local Rules to the contrary, and the Secured Creditor may, in its discretion and without further delay, take any action and perform any act authorized under this Order.

5. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2020
      Wilmington, Delaware

_____
THE HONORABLE JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE

2

72246207.3